# FRIEDMAN KAPLAN SEILER & ADELMAN LLP

| | | |
|---|---|---|
| BRUCE S. KAPLAN<br>EDWARD A. FRIEDMAN<br>GARY D. FRIEDMAN<br>BARRY A. ADELMAN<br>ERIC SEILER<br>ROBERT D. KAPLAN<br>ANDREW W. GOLDWATER<br>ROBERT J. LACK<br>GREGG S. LERNER<br>SCOTT M. BERMAN<br>ERIC CORNGOLD<br>HAL NEIER<br>PHILIPPE ADLER<br>LANCE J. GOTKO<br>KATHERINE L. PRINGLE<br>MERYL S. ROSENBLATT<br>DANIEL B. RAPPORT<br>DAVID I. TANENBAUM<br>HALLIE B. LEVIN<br>ANNE E. BEAUMONT<br>MARY E. MULLIGAN<br>EMILY A. STUBBS<br>KENT K. ANKER<br>AMY C. BROWN<br>RICARDO SOLANO JR.<br>JOHN N. ORSINI<br>JEFFREY R. WANG<br>JEFFREY C. FOURMAUX<br>JASON C. RUBINSTEIN<br>MICHAEL A. GORDON | 7 TIMES SQUARE<br>NEW YORK, NY 10036-6516<br><br>TELEPHONE (212) 833-1100<br>FACSIMILE (212) 833-1250<br>WWW.FKLAW.COM<br><br>WRITER'S DIRECT DIAL<br>212-833-1102<br><br>WRITER'S DIRECT FAX<br>212-373-7902<br><br>E-MAIL<br>EFRIEDMAN@FKLAW.COM | RICHARD M. HOFFMAN<br>SENIOR COUNSEL<br><br>NORMAN ALPERT<br>ASAF REINDEL<br>L. REID SKIBELL<br>COUNSEL<br><br>STEVEN E. FRANKEL<br>DANIEL R. GREENBERG<br>TIMOTHY M. HAGGERTY<br>CHRISTOPHER M. COLORADO<br>CHRISTOPHER L. McCALL<br>YITZCHAK E. SOLOVEICHIK<br>PEARLINE M. HONG<br>ERIC J. FINKELSTEIN<br>JENNIFER A. MUSTES<br>EMILY L. CHANG<br>ANDREW M. ENGLANDER<br>CHARLES E. ENLOE<br>ALEXANDER D. LEVI<br>ELIZABETH L. MACCHIAVERNA<br>SARAH F. FOLEY<br>JAMUNA D. KELLEY<br>RAINA L. NORTICK<br>MICHAEL S. PALMIERI<br>ELLIOT CHOI<br>TANVIR VAHORA<br>NORA BOJAR<br>KEVIN J. LIN<br>ANDREW C. KOSTIC |

July 28, 2014

BY E-MAIL

Honorable Thomas P. Griesa
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

  Re: *NML Capital, Ltd. v. The Republic of Argentina*
     Nos. 08 Civ. 6978, 09 Civ. 1707, 09 Civ. 1708
    *Aurelius Capital Master, Ltd. v. The Republic of Argentina*
     Nos. 09 Civ. 8757, 09 Civ. 10620, 10 Civ. 3970, 10 Civ. 8339
    *Aurelius Opportunities Fund II, LLC v. The Republic of Argentina*
     Nos. 10 Civ. 1602, 10 Civ. 3507
    *Blue Angel Capital I LLC v. The Republic of Argentina*
     Nos. 10 Civ. 4101, 10 Civ. 4782
    *Pablo Alberto Varela v. The Republic of Argentina*
     No. 10 Civ. 5338
    *Olifant Fund, Ltd. v. The Republic of Argentina*
     No. 10 Civ. 9587

Dear Judge Griesa:

  We represent plaintiffs Aurelius Capital Master, Ltd., Aurelius Opportunities Fund II, LLC, ACP Master, Ltd., and Blue Angel Capital I LLC. We write on behalf of plaintiffs in all of the above-referenced cases in response to the letter that counsel for Argentina sent to Your Honor at 4:37 p.m. yesterday, July 27.

2967399.1

Hon. Thomas P. Griesa - 2 - July 28, 2014

Argentina's letter, like the July 23 letter from Citibank, N.A. ("Citibank"), asserts for the first time at the thirteenth hour that the Amended February 23 Orders should be modified to exclude certain U.S. Dollar-denominated Exchange Bonds governed by Argentine law that share an International Securities Identification Number (ISIN) with bonds issued during the 2005 and 2010 Exchanges. Specifically, Argentina contends that because it has subsequently issued additional bonds that are, by Argentina's own description, indistinguishable from bonds issued in the 2005 or 2010 Exchanges – the Court should modify the permanent injunction in the Amended February 23 Orders to exclude all bonds with the same ISIN.

Citibank made an identical argument in its letter of July 23 with respect to bonds issued by Argentina in settlement of claims by the international company Repsol, S.A. Argentina now seeks to extend Citibank's argument based on additional bonds that it contends it issued with ISINs identical to bonds issued in the 2005 or 2010 Exchanges. Argentina's belated request to modify the Amended February 23 Orders should fail for the same reasons stated in the plaintiffs' July 27 response to Citibank's similar arguments.

Argentina should not be permitted through its unilateral action, to exclude Exchange Bonds that are otherwise unquestionably subject to the permanent injunction in the Amended February 23 Orders. Argentina itself chose to issue fungible bonds to Repsol and others. Although it easily could have issued bonds with distinct ISINs, it chose not to do so.

This is plainly Argentina's attempt to eviscerate the Amended February 23 Orders. If Argentina is permitted to exclude a series of bonds from the injunctions because of its unilateral decision to issue bonds that are indistinguishable from bonds that are subject to the injunctions, Argentina will surely try to destroy the injunctions in their entirety by issuing new bonds in each series of preexisting Exchange Bonds.

Respectfully yours,

*Edward A. Friedman*

Edward A. Friedman

cc: Karen E. Wagner, Esq.
Carmine Boccuzzi, Esq.
Robert A. Cohen, Esq.
Robert D. Carroll, Esq.
Kevin S. Reed, Esq.
Michael Spencer, Esq.
Leonard F. Lesser, Esq.

2967399.1